IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ENRIQUE COLON-VILLEGAS,

    Defendant.

CRIM. NO. 16-579 (JAG)

MEMORANDUM & ORDER

GARCIA-GREGORY, D.J.

    Before the Court is the United States of America ("the government") Motion in Limine (the "motion") seeking to allow the government to read into the record "a stipulation of facts signed by [D]efendant Enrique Colon-Villegas [("Defendant")] pursuant to his plea agreement in" an unrelated criminal case. Docket No. 45 at 1. Specifically, the government argues that Defendant's guilty plea statements go to "prove motive, opportunity/access and plan to commit the crimes charged" in this case. *Id.* at 5. Defendant opposed the motion. Docket No. 48. The Court finds that the government motion is premature and **DENIES** it **WITHOUT PREJUDICE**.

    Federal Rule of Evidence 404(b) prohibits the admission of prior bad acts to establish an individual's character or propensity to commit a crime. *United States v. Landry*, 631 F.3d 597, 601 (1st Cir. 2011). Rule 404(b), however, permits the admission of prior bad acts "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* (quoting Fed. R. Evid. 404(b)).[1]

---

[1] Rule 404(b) provides a non-exhaustive list on how the government can use prior bad acts. *See United States v. Landry*, 631 F.3d 597, 602 (1st Cir. 2011). Thus, the government is allowed to show other reasons why the Rule 404(b) evidence could be admissible.

In order to admit evidence pursuant to Fed. R. Evid. 404(b) district courts employ a two-part test to determine admissibility. *Id.* First, a district court must determine if the evidence has any "special relevance other than establishing propensity" like intent, motive, or knowledge. *Id.* (internal quotation marks omitted). "Evidence has special relevance when it tends to prove a material fact apart from a mere propensity to behave in a certain way." *United States v. Sabean*, 885 F.3d 27, 36 (1st Cir. 2018) (quoting *United States v. Watson*, 695 F.3d 159, 165 (1st Cir. 2012)) (internal quotation marks omitted). In other words, the court must decide whether the evidence submitted, "is probative of a material issue other than character" in the inferential chain. *United States v. Raymond*, 697 F.3d 32, 38 (1st Cir. 2012) (quoting *Huddleston v. United States*, 485 U.S. 681, 686 (1988)). Second, a district court must also push the evidence through the Rule 403 strainer to determine if the evidence's probative value is substantially outweighed by the danger of unfair prejudice. *United States v. Martinez-Cintron*, 136 F. Supp. 2d 14, 16 (D.P.R. 2001).

Here, the government has not put forth enough facts to show that they are entitled to read the fact section of Defendant's guilty plea of an unrelated criminal case into the record. First, the trial has not commenced and Defendant has not put forth any theory of defense that challenges motive, opportunity/access, and plan to commit the crimes charged. Typically, the government introduces Rule 404(b) evidence when a specific issue that goes towards proving an element of a crime is at issue. In this case, trial has not commenced and the Court cannot anticipate what the defense strategy will be. As a result, the government cannot argue that it needs Defendant's guilty plea colloquy to prove motive, opportunity/access, or plan to commit the crimes charged, as the defense has not challenged the government's theory of the case or any evidence put forth to prove the elements of the crimes allegedly committed by Defendant. Thus, without more, the Court at this time cannot adjudicate the government's motion as it lacks information on how the

government will use the proffered evidence at trial. *See, e.g., Diaz-Morales v. Rubio-Paredes*, 196 F. Supp. 3d 203, 207 (D.P.R. 2016) (holding in abeyance the decision to allow Rule 404(b) evidence because it could not anticipate the testimony of a co-Defendant at trial).

The cases introduced by the government do not shed light on the specific issue at hand. Specifically, the cases advanced by the government talked about the admissibility of Rule 404(b) evidence at trial. None of the cases, however, talked about admitting Rule 404(b) evidence prior to trial. Thus, the cases advanced by the government are inapposite.

Holding otherwise could potentially admit improper propensity evidence. For example, there could be a situation where the government would be precluded from putting forth Rule 404(b) evidence at trial. It is within Defendant's rights not to put a defense at trial. The government, however, has to prove all the elements of the crimes charges beyond reasonable doubt. Thus, there could be a situation where Rule 404(b) evidence might be precluded because it does not hold special relevance to the crimes charged given the Defendant's theory of defense or the evidence challenged by Defendant or because the Defendant did not choose to challenge anything at trial.

Accordingly, the government's motion is **DENIED WITHOUT PREJUDICE**. The government may move the Court to introduce the Rule 404(b) evidence at trial if appropriate.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of July, 2018.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge